UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HILL WINE COMPANY, LLC,                                    No. 14-10680

                              Debtor(s).
_____/

UMPQUA BANK,

                            Plaintiff(s),

            v.                                                          A.P. No. 14-1094

TERRY OTTEN,

                            Defendant(s).
_____/

Memorandum re Remand
_____

      Debtor Hill Wine Company filed its Chapter 11 petition on May 1, 2014.  The case was

converted to Chapter 7 on August 8, 2014.  This adversary proceeding is a removed action from state

court.  In the underlying action, plaintiff Umpqua Bank alleges that defendant Terry Otten is a

guarantor of loans it made to Hill Wine Company.

      After Otten removed the case, he filed a third-party complaint against Hill Wince Company for

"reimbursement," an action which would have been stayed by  § 362(a) of the  Bankruptcy Code but

1

for removal.  While removal occurred during the brief time the case was in Chapter 11, conversion to Chapter 7  removed any possible justification for this court exercising jurisdiction.  As Otten's counsel well knows, Otten's right to "reimbursement" can only be obtained by an allowed claim and his rights are governed by  § 502(e) and  § 509 of the Code.  Filing of the third-party complaint only served to confuse the bankruptcy proceedings.  There was no valid purpose to it even before conversion to Chapter 7, and conversion removed any vestige of justification.

The court recognized that removal was not proper immediately, and expressed its intent to promptly remand the dispute.  However, both Otten and Umpqua Bank asked the court to retain the case because they were in settlement negotiations.  The court was surprised to learn a month later that they had not settled and that Otten was evidently prosecuting his third-party complaint, drawing the Chapter 7 Trustee into an improper proceeding.

For the foregoing reasons, the court will order as follows:

1.  The third-party complaint will be immediately stayed as to the debtor, the Trustee and the bankruptcy estate, and shall remain so until such time as this court may grant relief from it, without prejudice to the filing of a proof of claim.

2,  This adversary proceeding shall be remanded to state court on October 5, 2014, unless before that time Otten and Umpqua Bank enter into a written settlement.

3.  The stay provided in Provision 1 above will remain in place after remand.

An appropriate order will be entered.

Dated:  September 18, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

2